**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KELLEY W. ANDERSON, III,**

    **Plaintiff,**

vs.                                  **Case No. 4:11cv456-SPM/WCS**

**DAVID B. SHOAR, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate or detainee proceeding *pro se,* initiated this case by filing an *in forma pauperis* motion, doc. 2, and a civil rights complaint under 42 U.S.C. § 1983, doc. 1, on September 9, 2011.  Leave to proceed *in forma pauperis* was granted on September 12, 2011, and Plaintiff assessed an initial partial filing fee.  Doc. 4.

    Because a prisoner complaint is not generally reviewed until after receipt of an assessed initial partial filing fee, this complaint was not reviewed until now.  However, having now reviewed Plaintiff's complaint, despite the fact that the partial filing fee has not yet been paid, it is clear that this case should be transferred.  The complaint presents facts concerning the conditions of confinement in the St. John's County Jail and challenges conduct by officials with that jail.  None of the named Defendants are

within the jurisdiction of the Northern District of Florida.  Therefore, because the events at issue in this case and all Defendants are located in the Middle District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 27, 2011.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.